UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21993-Civ-SCOLA/TORRES

ADACIA HOWARD DOUGLAS,

    Plaintiff,

v.

GARCIA, *et al.*

    Defendants.

_____/

**OMNIBUS REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS**

This matter is before the Court on Swarm, Inc's ("Swarm") and Christian Rondon's ("Mr. Rondon[1]") motion to dismiss. [D.E. 19-20]. Adacia Howard Douglas ("Plaintiff") failed to file a response in opposition to the motions to dismiss and the time to do so has passed. Therefore, the motions are now ripe for disposition. After careful consideration of the motions, relevant authority, and for the reasons discussed below, the motions should be **GRANTED without prejudice**.

---

[1]    Plaintiff alleges claims against Christian Rondon and Chris Pendon because each violated his constitutional rights. But, Mr. Rondon claims that these names both relate to the same person – himself. Because Christian Rondon is his correct legal name, we will only refer to him as Mr. Rondon.

## *I. BACKGROUND*

Plaintiff filed this action on May 16, 2019 against nine defendants (1) Officer Miguel Garcia, (2) the City of Miami Police Department, (3) Mr. Rondon; (4) Swarm[2]; (5) Wynwood Marketplace, (6) the City of Miami, (7) an unknown police officer, (8) the State of Florida, and (9) Katheryne Fernandez. [D.E. 1]. Plaintiff alleges that defendants violated his constitutional rights because officers effectuated an unlawful search and seizure of his person, made a false arrest, and participated in a malicious prosecution.

The complaint relates to an incident where two City of Miami police officers requested Plaintiff to leave the Wynwood Market Place at the direction of a Swarm employee. Plaintiff complains that the officers were biased against him because, as an African-American man, he was dancing with white female patrons. When law enforcement requested that he leave the premises, Plaintiff alleges that he complied and walked across the street. However, the police officers arrested him for trespassing even though Plaintiff complied with their directives.

Once arrested, Plaintiff alleges that the officers threw away his belongings and stole his money and jewelry. The officers then deleted video recordings from Plaintiff's phone to conceal evidence of an unlawful arrest in another pending case. Plaintiff believes that the officers plotted against him as soon as he entered the Wynwood Market Place because they knew there was an ongoing case where videos would be detrimental to law enforcement. Plaintiff further alleges that Swarm lied

---

[2]   Swarm operates a marketplace more commonly known as the "Wynwood Market" in Miami's Wynwood Arts District.

to protect the police and that management told law enforcement that Plaintiff refused to leave the premises. Soon thereafter, the Miami-Dade State Attorney's filed trespassing charges against Plaintiff despite having actual knowledge that Plaintiff was innocent. The charges were later dropped at the discretion of the prosecution.

## *II. APPLICABLE PRINCIPLES AND LAW*

In ruling on the motions to dismiss, the Court takes the allegations in the complaint as true and construes the allegations "in the light most favorable to the plaintiffs." *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts set forth in [Plaintiff's] complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ."

*Twombly*, 550 U.S. at 555 (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Factual content gives a claim facial plausibility. *Id.* "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III. ANALYSIS

On July 18, 2019, Swarm and Mr. Rondon each filed their own motion to dismiss. [D.E. 19-20]. The motions are virtually identical in that they seek to dismiss Plaintiff's complaint because it constitutes a shotgun pleading and fails to state a claim for which relief can be granted. Because the two motions are identical in all material respects, we will consider their arguments collectively.

The most obvious reason why Plaintiff's complaint must fail is because it violates Rule 8 and fails to provide either Swarm or Mr. Rondon with adequate notice of the claims against them and the grounds upon which those claims rest. "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274 (11th Cir. 2008); *see also Weinstein v. City of N. Bay Vill.*, 977 F. Supp. 2d 1271, 1285 (S.D. Fla. 2013)

("Shotgun pleadings are those which are confusing, incoherent, or repetitive.").

As the Eleventh Circuit explained in *Magluta v. Samples*, the classic example of a shotgun pleading includes the following characteristics:

> The complaint is a quintessential "shotgun" pleading of the kind we have condemned repeatedly, beginning at least as early as 1991. It is in no sense the "short and plain statement of the claim" required by Rule 8 of the Federal Rules of Civil Procedure. It is fifty-eight pages long. It names fourteen defendants, and all defendants are charged in each count. The complaint is replete with allegations that "the defendants" engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of. Each count incorporates by reference the allegations made in a section entitled "General Factual Allegations"—which comprises 146 numbered paragraphs—while also incorporating the allegations of any count or counts that precede it. The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies. This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts and is the type of complaint that we have criticized time and again.

256 F.3d 1282, 1284 (11th Cir. 2001) (footnote and internal citations omitted); *see also Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").

The Eleventh Circuit has also stated that there are generally four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions

5

> on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (footnotes omitted); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) (describing a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants" as a "prototypical 'shotgun complaint'").

Here, Plaintiff's complaint fits the third and fourth types of shotgun pleadings because it contains several causes of action in a single count and fails to specify which claim is targeted against which defendant. The complaint states, for instance, that there nine defendants but then fails to explain how any of them are relevant. Instead, the complaint is hopelessly conclusory and contains a mere four sentences explaining how defendants are liable for an unlawful search and seizure, malicious prosecution, and false arrest. Because Plaintiff's complaint constitutes a shotgun pleading, contains conclusory allegations, and fails to conform to the basic

6

requirements of Rule 8, the motions to dismiss should be **GRANTED without prejudice**.³

## *IV. CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Swarm's and Mr. Rondon's motion to dismiss [D.E. 19-20] be **GRANTED without prejudice**.⁴

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir.

---

³ We recommend dismissing Plaintiff's complaint without prejudice because a *pro se* plaintiff "*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim. *See Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Because there is a glimmer of hope in Plaintiff's shotgun pleading that there is a set of facts that might eventually state a plausible claim for relief, it would be premature to dismiss this action with prejudice.

⁴ While courts must construe a *pro se* litigant's pleadings more liberally that those of an attorney, "this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted). This liberal construction also does not extend to a *pro se* litigant's failure to comply with the local rules or federal procedural rules. *See, e.g., Wayne v. Jarvis,* 197 F.3d 1098, 1104 (11th Cir. 1999).

Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 27th day of August, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge