United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Adacia Howard Douglas, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-21993-Civ-Scola |
| | ) |
| Miguel Garcia and others, | ) |
| Defendant. | ) |

## **Omnibus Order Adopting Report and Recommendation and Granting Motion to Dismiss**

The Court referred Plaintiff Adacia Howard Douglas's (1) motion for leave to proceed *in forma pauperis* (ECF No. 3) and (2) motion for referral to the volunteer attorney program (ECF No. 4) to United States Magistrate Judge Edwin G. Torres to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules. The Court also referred the case to Judge Torres for a review of Douglas's complaint under 28 U.S.C. § 1915. In the meantime, Defendants Swarm, Inc., Christian Rondon, Chris Pendon, and the City Miami Police Department filed motions to dismiss Douglas's complaint. (ECF Nos. 19, 20, 25.) Further, Judge Torres has entered a report and recommendation, recommending that Douglas's complaint be dismissed, albeit without prejudice and with leave to amend. Douglas has neither responded to any of the motions to dismiss nor objected to the report and recommendation and the time to do so has passed.

To begin with, the Court has reviewed—de novo—Judge Torres's report and recommendations and adopts it in full, agreeing that Douglas's complaint is a shotgun pleading.

Further, Douglas has not stated a claim upon which relief may be granted. As best the Court can discern, and construing his pro se complaint liberally, Douglas has attempted to assert claims for an unlawful search and seizure, malicious prosecution, and false arrest. He has not, however, alleged facts sufficient to establish the necessary elements to support any of these claims.

Lastly, Douglas seeks to hold the City of Miami Police Department liable for his claims. But a police department is not a legal entity subject to suit under Florida law. In Florida, "municipalities have the power to sue and be sued." *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d Dist. Ct. App. 1995). However, when a municipality maintains a police department as an integral part of city government to perform policing functions, that police department is not a legal entity subject to suit. *Id.* The proper entity to join as a party to such a suit, then, is the municipal corporation itself, not its police department. *Id.*

For the foregoing reasons, the Court dismisses the complaint in its entirety, without prejudice, thus **adopting** Judge Torres's report and recommendation and **granting** the Defendants' motions to dismiss (**ECF Nos. 19, 20, 25**.) If Douglas seeks to replead his claims, he must file an amended complaint on or before **October 7, 2019**. Douglas is forewarned, however, that if his amended complaint fails to remedy the defects outlined above or is untimely, his case may be dismissed with prejudice.

In the meantime, the Clerk is directed to administratively **close** this case. If Douglas files an amended complaint in compliance with the above, the Court will reopen it.

The Clerk is directed to **mail or email** a copy of this order to one of the addresses set forth below.

**Done and ordered** in Miami, Florida, on September 23, 2019.

Robert N. Scola, Jr.
United States District Judge


**Copy to**:

Adacia Howard Douglas
1601 NW 7th Ave
Miami, FL 33136
216-505-3068

Email: cream1876060@gmail.com